# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | Samuel Orlando v. Donald Smith (23-1526) |
| **Originating No. & Caption** | Orlando v. Smith, et al. (5:22-cv-00062-MFU) |
| **Originating Court/Agency** | Western District of Virginia |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 USC § 1291 | |
| Time allowed for filing in Court of Appeals | 30 days | |
| Date of entry of order or judgment appealed | May 8, 2023 | |
| Date notice of appeal or petition for review filed | May 10, 2023 | |
| If cross appeal, date first appeal filed | N/A | |
| Date of filing any post-judgment motion | N/A | |
| Date order entered disposing of any post-judgment motion | N/A | |
| Date of filing any motion to extend appeal period | N/A | |
| Time for filing appeal extended to | N/A | |
| Is appeal from final judgment or order? | ○ Yes | ⊙ No |
| If appeal is not from final judgment, why is order appealable? The Order is appealable under 28 USC § 1291 under the collateral order doctrine. See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 713-14 (1996) (abstention-based stays appealable); Moses H. Cone Mem. Hosp. v. Mercury Constr. Co., 460 U.S. 1, 10 (1983) (same) | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⊙ No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ⦿ Yes | ○ No |
| Has transcript been filed in district court? | ⦿ Yes | ○ No |
| Is transcript order attached? | ○ Yes | ⦿ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | N/A | |
| Case number of any pending appeal in same case | N/A | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | N/A | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ⦿ Yes | ○ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ○ Yes | ⦿ No |
| Does case involve question of first impression? | ⦿ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ⦿ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

This case involves a Younger-stay issued on a case seeking solely monetary damage in which no indictment has issued and no criminal case is pending. The Court has implemented a Younger-stay based on the issuance of a search warrant and a purported ongoing executive-actor criminal investigation.

Plaintiff-Appellant argued below that the invocation of Younger in a new context, namely prior to the existence of any criminal proceeding, grand jury proceeding, or idictment (in essence applying Younger to an executive-actor criminal investigation), where only money damages were sought, was a broadening of Younger specifically barred by Sprint and NOPSI and that in any event that the Middlesex factors were not present. See generally Sprint Communs., Inc. v. Jacobs, 571 U.S. 69 (2013) (Sprint); New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 U.S. 350 (1989) (NOPSI); Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) (Middlesex) .

No other issues are presented on this appeal.

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

Whether the Court properly found the issuance of a search warrant to be a criminal proceeding for the purposes of Younger.

Whether the Court improperly extended Younger contrary to Sprint.

Whether the Court erred in determining that the Middlesex factors were met.

Whether the Court erred in determining that there would be significant interference with the State Court administration of a warrant where only monetary damages were sought.

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| Adverse Party: Sheriff Donald L. Smith | Adverse Party: Major Brian Jenkins |
|---|---|
| Attorney: Rosalie Fessier    Brittany Elizabeth Shipely | Attorney: Rosalie Fessier    Brittany Elizabeth Shipely |
| Address: TIMBERLAKE SMITH    TIMBERLAKE SMITH 2nd Floor<br>25 North Central Avenue    25 North Central Avenue<br>P. O. Box 108    P. O. Box 108<br>Staunton, VA 24402-0108    Staunton, VA 24402-0108 | Address: (See previous)    (See Previous) |
| E-mail: rfessier@timberlakesmith.com  bshipley@timberlakesmith.com | E-mail: (See previous) |
| Phone: 540-885-1517    540-885-1517 | Phone: (See previous) |

**Adverse Parties (continued)**

| Adverse Party: Bristol Neal | Adverse Party: Rebecca Byrd Neal |
|---|---|
| Attorney: Bradley Glenn Pollack<br>Address: 753 South Main Street<br>Woodstock, VA 22664 | Attorney: Bradley Glenn Pollack<br>Address: (see previous) |
| E-mail: bpollack@shentel.net | E-mail: (see previous) |
| Phone: 540-459-8600 | Phone: (see previous) |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: Samuel Joseph Orlando<br><br>Attorney: Zachary Lawrence<br>Address: Lawrence Law Firm PLLC<br>598 E Main St.<br>Little Falls, NY 13365<br><br>E-mail: Zach@zlawpllc.com<br><br>Phone: 202-468-9486 | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |
| **Appellant (continued)** ||
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

Signature: /s/Zachary Lawrence     Date: May 16 2023

Counsel for: Samuel Joseph Orlando Plaintiff-Appellant

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

Signature:     Date:

[ Print to PDF for Filing ]   [ Reset Form ]